# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SARAH RIDENOUR,

    Appellant,

   v.

DEPARTMENT OF AGRICULTURE,

    Agency.

DOCKET NUMBER
SF-0752-14-0228-I-1

DATE: February 19, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Barry J. Bennett</u>, Esquire, Fresno, California, for the appellant.

<u>Rayann Lund</u>, Albuquerque, New Mexico, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which sustained the agency action suspending her for 45 days. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The essential facts in this appeal, as set forth by the administrative judge in his initial decision, are not disputed.  The appellant is employed as a GS-9 Forestry Technician at the Mendocino National Forest, and one of her duties is to serve as a liaison with private off-highway vehicle (OHV) users.  Initial Appeal File (IAF), Tab 22, Initial Decision (ID) at 2; *see* IAF, Tab 4 at 72, 75.  As found by the administrative judge: (1) in 2012, there was a large fire in the national forest, and the agency planned to salvage some of the burned timber; (2) the appellant believed that the agency was not taking into account the adverse effects of the salvage operation on the trails that the OHV community used, and she was frustrated that she did not seem to be able to get higher-level agency officials to focus on that issue; and (3) the appellant sent a series of emails from her work account to OHV enthusiasts expressing her concerns and encouraging them to press the agency to take the impact on trails into account.  ID at 2; *see* IAF, Tab 4 at 24, 45-54.

¶3 When the agency eventually learned of these emails, it suspended the appellant for 45 days based on charges of unauthorized disclosure and improper conduct. IAF, Tab 4 at 10-12, 29-31. The unauthorized disclosure charge cited emails to a blogger and leader in an OHV enthusiast group in which the appellant: (1) attached a document she had written to her supervisor setting forth her concerns with the salvage operation and recommending a number of project requirements; (2) stated that the agency was having difficulty meeting certain numerical benchmarks (fuel-model numbers) required for the salvage sale to go forward and suggested that the OHV blogger might want to ask for the data; and (3) forwarded emails between her supervisor and her discussing the salvage sale. *Id.* at 29; *see id*. at 45-46, 52-54. The improper conduct charge cited emails in which the appellant: (1) told the blogger and OHV enthusiast that an environmental group also was "not too happy with the proposed salvage" and that "[i]t might be a good time to work with them and create an alliance to achieve similar goals"; (2) told another member of the OHV enthusiast group that she "could use all the help [she] can get with public comment" on the agency's proposal; and (3) wrote to the blogger about her supervisors that "I don't think they get it." *Id*. at 29-30, *see id*. at 45, 48, 50.

¶4 After affording the parties an opportunity to make submissions and representations, the administrative judge issued an initial decision based on the written record.[2] The administrative judge did not sustain the first specification under the unauthorized disclosure charge, but sustained the two remaining specifications under that charge and all of the specifications under the improper conduct charge. ID at 3-9. The administrative judge also found that the appellant's disclosures to her union and the Office of Special Counsel (OSC) about timecard fraud, her disclosure about the fuel-model numbers discussed in the first charge, and her disclosure about damage to the OHV trails in the email

---

[2] In her initial appeal the appellant requested a hearing. IAF, Tab 1 at 3. Through her attorney, she subsequently withdrew her hearing request. IAF, Tab 11.

soliciting help with the public comments discussed in the second charge were not protected under the Whistleblower Protection Act.[3]  ID at 9-12.  The administrative judge further found that the appellant did not show that the deciding official failed to consider her response to the proposed action.  ID at 9. Finally, the administrative judge found a nexus between the appellant's misconduct and the efficiency of the service and that the agency's penalty selection did not exceed the maximum reasonable penalty.  ID at 12-15.

¶5     The appellant has filed a timely petition for review.[4]  Petition for Review (PFR) File, Tab 3.  The agency has responded in opposition to the petition for review, and the appellant has replied to the response.  *Id.*, Tabs 5-6.  In her petition for review, the appellant contests the administrative judge's findings sustaining the charges, the existence of a nexus, and the penalty.  *Id.*, Tab 3 at 5-19.  The appellant does not challenge the administrative judge's findings regarding her affirmative defenses, including her whistleblower reprisal claim. *See id.*  We find no basis to disturb these findings, which show that the administrative judge considered the evidence as a whole, drew appropriate

---

[3] Regarding the disclosure to the union, the administrative judge found that the appellant's two-sentence email to the union president was vague and did not disclose a violation of any law, rule, or regulation, and did not constitute any other category of protected activity.  ID at 10-11; *see* IAF, Tab 18 at 347.  The administrative judge also found that the appellant's disclosure to OSC post-dated the filing of the Board appeal and thus could not have been a contributing factor to the adverse action.  ID at 11; *see* IAF, Tab 15 at 16.  Regarding the fuel-model numbers, the administrative judge found that the appellant did not allege that the agency had already violated a law, rule, or regulation, and the appellant did not have a reasonable belief that the agency was going to falsify the fuel-model plan to justify the salvage sale.  ID at 11-12.  Finally, the administrative judge found that the appellant's disclosure about damage to OHV trails was too vague to constitute a disclosure of gross mismanagement or a gross waste of funds and that the appellant did not establish that she had a reasonable belief that the salvage sale, which was still only in the planning stage, would significantly impair the agency's ability to accomplish its mission or cause damage to the trails that was significantly out of proportion to the benefits of the sale.  ID at 12.

[4] The appellant was granted an extension of time in which to file her petition for review and filed within the period granted.  Petition for Review File, Tabs 2-3.

inferences, and made reasoned conclusions. *See Crosby v. U.S. Postal Service*, [74 M.S.P.R. 98](#), 106 (1997); *Broughton v. Department of Health & Human Services*, [33 M.S.P.R. 357](#), 359 (1987).

## ANALYSIS

The administrative judge properly sustained the unauthorized disclosure charge.

¶6        In sustaining the unauthorized disclosure charge, the administrative judge, found, among other things, that, although there is no agency policy prohibiting the communication of unclassified information to non-agency employees and the appellant was never informed that she was not allowed to provide the information referenced in the proposal notice to non-agency employees, those facts were only relevant to the penalty determination. ID at 7. According to the administrative judge, they were not relevant to the merits of the agency's case because the agency did not charge the appellant with violating a specific policy or instruction. ID at 7. According to the administrative judge, "[i]t was enough for the agency to prove that the appellant violated the norms of conduct for her position." ID at 7.

¶7        On review, the appellant argues that, because there was no agency policy implicated by her communication of nonconfidential information with non-employees, the agency was required to prove that the "norms of conduct" for the appellant's position were violated. PFR File, Tab 3 at 7-9. According to the appellant, the agency did not establish: what those norms were, that she had been trained about those norms, and that she violated them. *Id*.

¶8        As noted by the administrative judge, the only issue regarding the unauthorized disclosure charge is whether the appellant's emails to the OHV enthusiasts were in fact unauthorized. ID at 3. We agree with the appellant that the agency has not identified a specific agency policy prohibiting her conduct, but we also agree with the administrative judge that the agency need not identify such a policy to sustain its charge.

¶9      The Board has found that an agency is not required to describe in detail all potentially prohibited employee conduct.  *Goldstein v. Department of the Treasury*, 62 M.S.P.R. 622, 627 (1994), *vacated and remanded on other grounds*, 62 F.3d 1430 (Fed. Cir. 1995) (Table); *Brown v. Federal Aviation Administration*, 15 M.S.P.R. 224, 233 (1983), *rev'd in part on other grounds*, 735 F.2d 543 (Fed. Cir. 1984); *see Byers v. Department of Veterans Affairs*, 89 M.S.P.R. 655, ¶ 24 (2001) (finding that the agency did not need to define every possible example of patient abuse in its training manuals and seminars).  The creation of such all-encompassing policies would not be feasible.  *See Brown*, 15 M.S.P.R at 233 (quoting *Meehan v. Macy*, 392 F.2d 822, 835 (D.C. Cir. 1968), *modified*, 425 F.2d 469 (D.C. Cir. 1968), *aff'd en banc*, 425 F.2d 472 (D.C. Cir. 1969)).  Rather, an agency may reasonably require federal employees to exercise good judgment, notwithstanding a lack of literal guidance from an agency rule, regulation, or other statement of agency policy.  *Boyer v. Department of the Navy*, 56 F.3d 84, *2 (Fed. Cir. 1995) (Table).[5]

¶10     In *Brousseau v. United States*, 640 F.2d 1235, 1247 (Ct. Cl. 1981), for example, the predecessor to our reviewing court found that, while there was no written rule against organizing opposition to the policies of the employee's superiors, common sense should have forewarned the employee that his actions could lead to discipline.[6]  Similarly, in *Bize v. Department of the Treasury*, 3 M.S.P.R. 155, 161 (1980), the Board considered an employee's explanation that he had never been told not to leave his badge on the dashboard or seat of his vehicle and stated that "[o]bviously, it would be impossible for the agency to anticipate every factual situation in which an agent might find himself

---

[5] The Board has held that it may rely on nonprecedential U.S. Court of Appeals for the Federal Circuit opinions if the Board finds, as we do here, the reasoning persuasive. *Alegre v. Department of the Navy*, 118 M.S.P.R. 424, ¶ 15 n.2 (2012).

[6] The Board has held that it may rely on decisions of the Court of Claims if the Board finds, as we do here, the reasoning persuasive.  *Special Counsel ex rel Hardy v. Department of Health & Human Services*, 117 M.S.P.R. 174, ¶ 7 n.6 (2011).

and train the agent as to what he or she should do under each of these circumstances." Finally, the Board sustained a charge of patient abuse against a Department of Veterans Affairs nurse who confronted a patient in bed, shook papers in the patient's face, and asked a confrontational question even though the agency had not trained the employee that such conduct would constitute patient abuse. *Byers*, 89 M.S.P.R. 655, ¶ 24.

¶11 Based on the analysis set forth above, we agree with the administrative judge that the agency's failure to identify a specific policy implicated by the appellant's misconduct is not dispositive here. As found by the administrative judge, the appellant knew or should have known that she was not authorized to disclose the fuel-model information or the email exchange with her supervisor to the OHV enthusiasts. ID at 5. In making this finding, the administrative judge relied primarily on the appellant's admission in an investigative interview that the emails were inappropriate and that she should not have told outsiders what she and her supervisor were discussing. ID at 4-5; *see* IAF, Tab 4 at 42-43. The administrative judge found these admissions, made closer in time to the actual events and not made specifically for the purposes of litigation, were more credible than the appellant's litigation posture that the emails were not unauthorized. ID at 6. In this regard, the administrative judge also observed that in her email forwarding the email exchange with her supervisor, the appellant stated that the information was "[j]ust between us." ID at 5; IAF, Tab 4 at 45. The administrative judge found that this statement demonstrated that the appellant understood that the information in the email was not suitable for public dissemination.[7] ID at 5; IAF, Tab 4 at 45. The appellant has provided nothing on

---

[7] The administrative judge also considered the unsworn statements from current and former agency employees that they were encouraged to cooperate with outside groups and that there were never any issues with providing basic information to such groups. ID at 6; *see* IAF, Tab 15 at 21-25. The administrative judge found the statements of little probative value because they did not identify the type of information previously provided. ID at 6. The administrative judge made a similar finding regarding a

review which causes us to question the administrative judge's reasoning. *See Crosby*, 74 M.S.P.R. at 106; *Broughton*, 33 M.S.P.R. at 359.

¶12    Furthermore, like any employer, a government agency has the right to expect its employees to put loyalty to the agency and the accomplishment of the agency's mission above personal interests and the promotion of a private agenda. *O'Donnell v. Department of Agriculture*, 120 M.S.P.R. 94, ¶ 14 (2013) (stating that agencies "have every right to expect loyal professional service from" employees), *aff'd*, 561 F. App'x 926 (Fed. Cir. 2014); *see* Exec. Order No. 12,674 (stating that government employees must put loyalty to the Constitution and the laws above private gain and that public office should not be used for private gain). The appellant's emails sought to promote her personal policy judgment and agenda about the salvage operation above the judgment of agency management and thus they were improper.[8] Therefore, for all of the reasons discussed above, we agree with the administrative judge that the agency proved its unauthorized disclosure charge.

The administrative judge properly sustained the improper conduct charge.

¶13    In sustaining the three specifications under the improper conduct charge, the administrative judge found that an improper conduct charge does not "inherently require proof of intentional misconduct," that the agency proved the three specifications and the charge, and that the appellant's assertion, that she was not aware that her conduct was improper, was only relevant to the penalty

---

statement from the recipient of the appellant's emails. ID at 6-7; IAF, Tab 15 at 22. The appellant does not challenge this analysis on review. PFR File, Tab 3.

[8] Nothing in our finding erodes the well-established principle that an agency may not discipline an employee in reprisal for a disclosure that the employee reasonably believes evidences a violation of law, rule, or regulation, an abuse of authority, gross mismanagement, a gross waste of funds, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 7 (2013). As discussed above, the administrative judge found that such circumstances were not present in this appeal and the appellant does not challenge that finding on review. ID at 9-12.

determination. ID at 7-9. The administrative judge also found that the first specification regarding the appellant suggesting that the OHV blogger might want to form an alliance with an environmental group that also disapproved of the salvage plan and the third specification regarding the appellant stating that her supervisors did not "get it," were relatively insignificant. ID at 9. The administrative judge went on to find that the second specification addressing the appellant soliciting public comments from the OHV blogger to advance her agenda was "by far the most significant of the three specifications." ID at 9.

¶14      On review, the appellant asserts that, while she sent the emails in question, the agency did not prove that her conduct was improper. PFR File, Tab 3 at 11. As discussed above, an agency need not promulgate an all-encompassing list of prohibited behaviors to hold employees accountable for their conduct and an agency has the right to expect its employees to put loyalty to the agency and the accomplishment of the agency's mission above personal interests and the promotion of a private agenda. By encouraging public comments on the agency's salvage plan in support of her specific view, the appellant again sought to promote her personal policy judgment and agenda above the judgment of agency management. Thus, we agree with the administrative judge that the agency proved the improper conduct charge.[9] *See* ID at 8-9.

---

[9] In her petition for review, the appellant argues that the agency failed to prove a relationship between the charged misconduct and the efficiency of the service. PFR File, Tab 3 at 10. The administrative judge specifically addressed the existence of a nexus between the appellant's work-related misconduct and the efficiency of the federal service. ID at 12-13. The appellant's assertion on review does not demonstrate error in the administrative judge's well-reasoned decision. *See Crosby*, 74 M.S.P.R. at 106; *Broughton*, 33 M.S.P.R. at 359; *see also Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987) (stating that there is sufficient nexus between an employee's conduct and the efficiency of the service where the conduct occurred in part at work).

<u>The administrative judge correctly found the penalty within the tolerable limits of reasonableness.</u>

¶15    Where, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 7 (2010); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Woebcke*, 114 M.S.P.R. 100, ¶ 7. The Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose but to assure that management judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Id*. Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.*

¶16    Here, the administrative judge found that the deciding official's detailed penalty analysis was appropriate and we agree. ID at 13-15; *see* IAF, Tab 4 at 13-21. The appellant's misconduct was serious, although, as noted by the administrative judge, the severity of the misconduct is somewhat lessened by the lack of clear guidance on what information she could share with the OHV community.[10] *See* ID at 14; *see also* IAF, Tab 4 at 13-16. The misconduct was repeated over a course of several weeks, directly implicated the appellant's

---

[10] On review, the appellant cites a number of cases to support her argument that the penalty should be reduced because, based on her brief federal career, she was naïve about the agency's conduct expectations and unaware of the consequences of her actions. PFR File, Tab 3 at 12-14. As the administrative judge did, we have considered the lack of guidance to the appellant regarding what she could share with the OHV community. *See* ID at 14.

official duties, generated additional work and caused disharmony within the agency, caused her superiors to lose trust and confidence in her, and undermined the agency's reputation.[11]  IAF, Tab 4 at 13-20; ID at 14; *see Douglas*, 5 M.S.P.R. at 305.  In addition, as a supervisor, the agency properly held the appellant to a higher standard of conduct.  IAF, Tab 4 at 16; ID at 13; *see Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010).  The deciding official also properly considered as mitigating factors the appellant's lack of prior discipline and superior performance ratings.  IAF, Tab 4 at 16-17; *see* ID at 14.

¶17        In his analysis, the administrative judge also noted that the appellant's 4 years of service was not especially lengthy and therefore was not a significant mitigating factor.  ID at 14; *see Negron v. Department of Justice*, 95 M.S.P.R. 561, ¶ 35 (2004) (finding, in a penalty analysis, that 8 years of service was not a substantial period of service).  Regarding the appellant's claim that she was treated more harshly than other employees, the administrative judge found that the appellant failed to identify another employee who had engaged in similar misconduct and the appellant has not shown error in that finding.  ID at 14.

¶18        In sum, after careful consideration, we discern no error in the administrative judge's penalty analysis.  While a significant penalty, under all of the attendant circumstances, and giving appropriate deference to the agency's role in managing

---

[11] On review, the appellant also asserts that it is contradictory for the agency to argue that it has lost trust and confidence in her because it issued her a Certificate of Merit 20 days after her last alleged improper email and 5 days after her supervisor counselled her about her actions.  PFR File, Tab 3 at 14-15.  As the agency notes in its response, at the time the Certificate of Merit was issued, the agency had not yet investigated the appellant's conduct and the disciplinary action was not initiated for many months.  PFR File, Tab 5 at 10.  In addition, the appellant argues that discipline was unwarranted because she was rehabilitated during the agency's delay in initiating the disciplinary action.  PFR File, Tab 3 at 15-16.  The appellant cites nothing to support this theory.  We note that the Board has held that mitigation of a penalty is not warranted where the agency could not have taken disciplinary action earlier and appellant failed to show prejudice by the delay.  *Tamburello v. U.S. Postal Service*, 45 M.S.P.R. 455, 471 (1990).

employee conduct and discipline, we cannot find that the agency's imposed penalty exceeds the tolerable limits of reasonableness.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                          William D. Spencer
                          Clerk of the Board

Washington, D.C.